**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Yolanda VARGAS, Defendant–Appellant.**

**No. 02–21127.**
**Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Aug. 26, 2003.

James Lee Turner, Assistant US Attorney, John Richard Berry, Assistant US Attorney, Houston, TX, for Plaintiff-Appellee.

Richard B. Kuniansky, Law Office of Richard Kuniansky, Houston, TX, for Defendant-Appellant.

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM.*

Yolanda Vargas appeals her sentence following her guilty-plea conviction of issu-

---

ing over 2,700 false social security cards to illegal aliens, in violation of 18 U.S.C. § 1028. She argues that the district court erred when it departed upward two-levels to reach her guideline range of imprisonment based on U.S.S.G. § 2L2.1, comment. (n.5), which allows upward departures for identification fraud involving "substantially more than 100 documents." Vargas argues that U.S.S.G. § 2L2.1 already provides an adjustment for cases involving 100 or more documents, thus, the guideline already took her offense conduct into consideration. Because she did not make this argument in the district court, her argument is reviewed for plain error. *United States v. Musa*, 45 F.3d 922, 924 & n. 5 (5th Cir.1995).

The district court correctly applied Application Note 5 when it upwardly departed two-levels. Because 2,700 documents is "substantially more than 100 documents," *see* U.S.S.G. § 2L2.1, comment. (n.5), the upward departure was justified. In addition, the district court based its departure, in part, upon the threat to the nation's security placed by Vargas' offense conduct. The court found that the selling of false social security cards to illegal aliens who hail from nations that are known to support terrorism placed the nation in "great peril." The guidelines encourage departures for offense conduct which significantly endangers national security. *See* U.S.S.G. § 5K2.14. Vargas cannot show plain error; the judgment of the district court is AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.